```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      SOUTHERN DIVISION at PIKEVILLE
```

| | |
|---|---|
| LISA ANNE THACKER,           ) | |
|                              ) | |
|      Plaintiff,              ) | |
|                              ) | Civil Case No. |
| v.                           ) | 16-cv-00114-JMH |
|                              ) | |
| NANCY A. BERRYHILL, ACTING   ) | |
| COMMISSIONER OF SOCIAL       ) | |
| SECURITY,[1]                 ) | **MEMORANDUM OPINION & ORDER** |
|                              ) | |
|      Defendant.              ) | |

*** 

This matter is before the Court upon the Acting Commissioner's Motion to Dismiss Pursuant to Fed. Rule of Civ. P. 12(b)(6) [DE 11]. Plaintiff, who is appearing pro se, has filed no response objecting to the Acting Commissioner's motion within the time provided for by the Local Rules. Having considered the Acting Commissioner's Motion, it is well taken and will be granted.

On March 30, 2016, The Social Security Administration's Appeals Council notified Plaintiff of its denial of her request for review of the administrative law judge's decision denying Plaintiff's applications for a period of disability and disability insurance benefits under Title II of the Social Security Act. This rendered the ALJ's decision the "final

---

[1] The caption of this matter is amended to reflect that Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin in that role.

decision" of the Commissioner, giving rise to judicial review under 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."). The date of receipt is presumed to be five days after the date of the notice, unless there is a reasonable showing to the contrary. *See* 20 C.F.R. §§ 404.901, 416.1401, 422.210(c). Lawsuits not filed within the sixty day period are properly subject to dismissal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437-38 (6th Cir. 2007) (affirming dismissal of complaint filed only one day late); *see Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (2000) (explaining that 42 U.S.C. § 405(h) makes the means set forth in § 405(g) the exclusive route for judicial review under the Social Security Act).

    The Notice provided to Plaintiff by the Acting Commissioner was dated March 30, 2016, and advised Plaintiff of her right to commence a civil action within sixty days from receipt of the notice. Thus, the time period for seeking review from this Court expired on June 3, 2016 (60 days from date of the notice plus 5 days for mailing), but Plaintiff did not file her Complaint

2

until June 6, 2016. There is no evidence that Plaintiff filed a request for an extension of time to file a civil action as set forth in the Appeals Council notice, nor has she presented any grounds upon which the Court might equitably toll the sixty-day statute of limitations. It follows that Plaintiff's Complaint is out of time and, thus, jurisdiction in this Court is barred by operation of the statute of limitations. *See* 42 U.S.C. § 405(g)-(h).

Accordingly, **IT IS ORDERED** that the Acting Commissioner's Motion to Dismiss Pursuant to Fed. Rule of Civ. P. 12(b)(6) [DE 11] is **GRANTED**.

This the 16th day of February, 2017.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

3